UNITED STATES of America, Appellee,

v.

Amadeo Augusto Luciano SANTELIS-ES, Defendant-Appellant.

No. 517, Docket 74–2311.

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1975.

Decided Jan. 9, 1975.

Austin T. Fragomen, Jr., New York City (Fried, Fragomen & Del Rey, New York City, of counsel), for defendant-appellant.

Thomas E. Engel, Asst. U. S. Atty. (Paul J. Curran, U. S. Atty. for the Southern district of New York, Bart M. Schwartz, John D. Gordan, Asst. U. S. Attys., of counsel), for appellee.

Before KAUFMAN, Chief Judge, and FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM:

■ Amadeo Santelises is no stranger to this court. In United States v. Santelises, 476 F.2d 787 (2d Cir. 1973), we rejected his claim that his guilty plea was not knowingly and voluntarily tendered because he was not informed that deportation was a collateral conse-

---

quence of his plea.[1]  He now appears before us once again after a denial of his *coram nobis* petition by Judge Tenney. All that is new is an appended affidavit from Robert Mitchell—his counsel at the plea proceedings—which states that Mitchell did not inform Santelises that he might be subject to deportation. This affidavit, however, is of no legal significance. Since Mitchell does not aver that he made an affirmative misrepresentation, Santelises fails to state a claim for ineffective assistance of counsel. *Id.* at 789–790.  Nor is Santelises's plea rendered involuntary because he was unaware that he might be deported. *See, id.*; Michel v. United States, 507 F.2d 461 (2d Cir. 1974). Accordingly, we must affirm.

Having disposed of the merits of the appeal we cannot overlook another aspect of Santelises's plight which concerns us.  We are informed that Santelises has been in the United States nine years since he was indicted for the preparation and use of false immigration documents, which led to his plea.  He served his concurrent one-year probation sentences without incident, and since then has lived, worked, and established strong ties in this country.  We are told also that his wife and children are American citizens, and that in less than one year, Santelises would be able to seek relief under 8 U.S.C. § 1254(a)(2).[2]  That section authorizes the Attorney General to suspend deportation upon a showing that the affected alien has been a person of good moral character, and that his deportation would result in exceptional hardship to him, his spouse, or his child.  It would appear not to be improbable that Santelises may be able to make such a showing if the allegations of his counsel are true. In view of the time which has passed since he committed the deportable of-

fense, we hardly think the Immigration and Naturalization Service would be remiss in its duty if it were to wait the few months necessary to afford Santelises an opportunity to apply pursuant to § 1254.

---

1. And in Santelises v. Immigration and Naturalization Service, 491 F.2d 1254 (2d Cir.), cert. denied, 417 U.S. 968, 94 S.Ct. 3171, 41 L.Ed.2d 1139 (1974) we rejected Santelises's claims that deportation constitutes cruel and unusual punishment and denies aliens equal protection of the law.

2. In fact, the indictment indicates that Santelises may already be eligible for consideration under 8 U.S.C. § 1254(a)(2), since it alleges that the acts constituting grounds for deportation were committed in 1962 and 1963, and the statute provides that the continuous ten-year residence period commences with the "commission" of the offense.