**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kelvin YEARWOOD,**
**Defendant–Appellant,**

**American Immigration Lawyers**
**Association, Amicus Curiae.**

No. 88–7624.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 1, 1988.

Decided Dec. 19, 1988.

Lalit Harilal Gadhia (Lalit H. Gadhia, Baltimore, Md., on brief), for defendant-appellant.

Charles Preston Scheeler, Asst. U.S. Atty., Baltimore, Md. (Breckinridge L. Willcox, U.S. Atty., Washington, D.C., on brief), for plaintiff-appellee.

Kenneth H. Stern, Stern & Elkin, on brief, for amicus curiae.

Before WIDENER, CHAPMAN, and WILKINS, Circuit Judges.

WIDENER, Circuit Judge:

Kelvin Yearwood appeals the decision of the district court denying his motion for post conviction relief pursuant to 28 U.S.C. § 2255. We affirm.

Yearwood, an alien, was indicted for narcotics violations under 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. At his initial arraignment, Yearwood appeared with counsel and pleaded not guilty to the charges. Defendant subsequently entered into a plea agreement under which he would plead guilty to the first count of the indictment, conspiracy to possess cocaine with intent to distribute the same under 21 U.S.C. § 846, and the government would enter nolle prosequi on the two remaining counts. The district court accepted the guilty plea and found defendant guilty on count 1. Defendant was sentenced to a term of imprisonment of three years pursuant to the government's recommendation. He is now subject to deportation under 8 U.S.C. § 1251(a)(11) based on his conviction.

With new counsel, Yearwood filed a § 2255 motion, alleging that his previous counsel failed to advise him of the collateral consequence of deportation mandated by his guilty plea. On appeal, defendant argues that the district court erroneously failed to hold an evidentiary hearing on the issue raised in his § 2255 motion. A hearing is not required, however, on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief. *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir.1964); see *Fontaine v. United States*, 411 U.S. 213, 215, 93 S.Ct. 1461, 1462–63, 36 L.Ed.2d 169 (1973). Although the defendant later mentioned, in a subsequent memorandum, the issue of affirmative misrepresentation by former counsel, that the conviction would not result in deportation, there is no such allegation nor support for such allegation in the initial § 2255 petition.[1]

Turning to the issue raised in defendant's § 2255 motion, we agree with the circuits which have decided the issue and found that an attorney's failure to advise a client that deportation may result from a conviction does not constitute ineffective assistance of counsel. *United States v.*

---

1. The § 2255 motion was filed December 22, 1987, and along with it was filed a memorandum in support thereof prepared by Yearwood's attorney, as had been the § 2255 motion. Neither in the § 2255 motion nor in the memorandum was anything mentioned to the effect that Yearwood's attorney at trial had been asked about the effect of a guilty plea or conviction on Yearwood's status as an alien. Indeed the motion states that the attorney "did not advise ...[Yearwood] of the collateral consequence of his plea ...and therefore his plea of guilty was ...involuntary." The memorandum, also filed December 22nd, described the defendant's contentions as "the attorney retained to defend ...[Yearwood] was unaware of the collateral consequences" of the plea and that Yearwood was "not informed of the effects of his plea on his status as an alien." The first time that anything was said about any inquiry on the part of Yearwood to his attorney was in a response to the government's opposition to granting the

§ 2255 motion, which response was filed March 7, 1988, and which stated obliquely in connection with the discussion of another case that that court "...suggested that an evidentiary hearing would be required to determine whether, inter alia, that counsel had made affirmative misrepresentations to the defendant as to the possibility of deportation as was made in this case."

On this state of the pleadings, the district court, in its order, found that the defendant was "not advancing an affirmative misrepresentation by his counsel but rather only a failure to disclose." We think the district court was justified in its construction of the papers before it. The fact that such an important fact was not mentioned in the motion executed under pain of perjury, was not mentioned in the memorandum of December 22nd, and was mentioned only indirectly in the memorandum of March 7th, justifies the district court's treatment of the matter.

*Campbell,* 778 F.2d 764, 768 (11th Cir. 1985); *United States v. Gavilan,* 761 F.2d 226, 228 (5th Cir.1985); *United States v. Santelises,* 509 F.2d 703, 704 (2d Cir.1975). To hold otherwise would place the unreasonable burden on defense counsel to ascertain and advise of the collateral consequences of a guilty plea which courts have uniformly held is not ineffective assistance of counsel. See, *Campbell,* 778 F.2d at 768–69; *United States v. Sambro,* 454 F.2d 918, 922 (D.C.Cir.1971).

Defendant's trial counsel had no spontaneous duty to inform defendant that his guilty plea would lead to his being deported. Indeed, the fact alone that defendant, an alien with an immigrant visa, violated the laws of the United States should have raised some question in his own mind as to his status in this country. Along the same line, we are of opinion that defendant's argument that his guilty plea was made involuntary by the omission of advice as to deportation or that his conviction so was obtained without due process of law is also without merit. See *Santelises,* 509 F.2d at 704.

Accordingly, the judgment of the district court is

AFFIRMED.