This is an appeal from the denial of a petition for post-conviction relief. Wale Oyekoya challenges his two 1987 guilty plea convictions for theft on the grounds of ineffective assistance of counsel. We find that the petition was properly denied.
The petitioner has failed to prove by a preponderance of the evidence the facts necessary to entitle him to relief. Rule 20.3, A.R.Cr.P.Temp. The petitioner claims that his counsel was ineffective because counsel failed to inform him of the possibility of deportation as a result of his guilty plea. At the evidentiary hearing held on the petition, the assistant district attorney stated that the prosecutor who represented the State at the entry of the petitioner's guilty pleas would testify, if available, that the petitioner's defense counsel, Henry Mims, was deceased and that the petitioner and Mims "had extensive discussions as to the Immigration and Naturalization Service rules, regulations, and ramifications of [the petitioner's] entering a plea as well as the pending charge that he had in Wisconsin. And that the discussion here in this case was that a recommendation would be made, and that the recommendation was made and it included a restitution aspect as to it, that the recommendation would be made if the restitution was made." Here, the petitioner did not submit "clear, full and satisfactory proof" of the allegations of his petition.Summers v. State, 366 So.2d 336, 343 (Ala.Cr.App. 1978), cert. denied, Ex parte Summers, 366 So.2d 346
(Ala. 1979).
Furthermore, "counsel's failure to advise the defendant of the collateral consequences of a guilty plea, such as deportation, cannot rise to the level of constitutionally ineffective assistance." United States v. Campbell,778 F.2d 764, 768 (11th Cir. 1985). See also United Statesv. Romero-Vilca, 850 F.2d 177, 179 (3rd Cir. 1998) *Page 991 
("[W]e hold that potential deportation is a collateral consequence of a guilty plea. Accordingly, we find no error in the sentencing court's failure to inform Romero-Vilca in the Rule 11 Colloquy of his possible deportation."); Annot., 10 A.L.R.4th 8 (1981).
Apparently, on the initial appeal of his convictions, the petitioner attempted to raise the issues now presented. The records of this Court reflect that the appeal was dismissed on December 4, 1987, when this Court granted the petitioner's pro se motion for dismissal. Under these circumstances, we find that the petitioner is procedurally barred from litigating this matter anew in a post-conviction proceeding. Rule 20.2(a)(5).
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.