930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert T. PORTER, Defendant-Appellant.
 No. 90-5905.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1991.
 
 Before MILBURN and BOGGS, Circuit Judges, and GILMORE, District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant Robert Porter appeals from the district court's order denying his motion filed under 28 U.S.C. Sec. 2255 for modification of sentence and modification of presentence report. For the reasons that follow, we affirm.
 
 I.
 
 2
 The defendant was convicted of sixteen counts of bank fraud and related offenses on June 20, 1986. He was sentenced to five years imprisonment on each count with all sentences to be served concurrently. In addition, he was fined $5,000 per count, for a total fine of $80,000.
 
 
 3
 One day prior to his sentencing, defendant Porter was given the opportunity to review his presentence report. At sentencing the next day, the following occurred:
 
 
 4
 DEFENDANT PORTER: I have read a copy of the presentence investigation and the prosecutor's remarks yesterday afternoon. I have not had a chance to review it with my attorney.
 
 
 5
 THE COURT: All right. Do you wish to have time to review it with Mr. Pinales?
 
 
 6
 DEFENDANT PORTER: Well, I made some notes and I would like to--
 
 
 7
 THE COURT: You need to talk to Mr. Pinales. Have you read the presentence report, Mr. Pinales?
 
 
 8
 MR. PINALES: Yes, Your Honor, I have read the presentence report and I spoke to Mr. Porter after he read it by phone yesterday; and the remarks that he has or comments on that report that he would like to address the court. So that we have--
 
 
 9
 THE COURT: Will there be any need for you all to confer further on whether or not you wish to take any exceptions or request corrections to the presentence report?
 
 
 10
 MR. PINALES: We did make exceptions through the Probation Officer with Mr. Porter and we have some of those exceptions which we would like to pinpoint.
 
 
 11
 THE COURT: All right. Do you wish additional time to confer with Mr. Porter?
 
 
 12
 MR. PINALES: Well--
 
 
 13
 THE COURT: Mr. Porter, do you wish additional time to confer with counsel?
 
 
 14
 DEFENDANT PORTER: I don't know how to answer that. Sure; I would like to have more time. But to what end--I have the notes and requests that I would like to make to the Court. I don't know what Mr. Pinales can add to what my feelings are.
 
 
 15
 THE COURT: Well, what's your pleasure? I need an answer, yes or no, in this instance. Do you wish additional time to confer with Mr. Pinales?
 
 
 16
 DEFENDANT PORTER: No.
 
 
 17
 J.A. 138-39. After declining the court's offer of additional time, Porter took up with the court numerous exceptions he had to the presentence report and discussed these with the court without any participation by his attorney, Mr. Pinales. J.A. 140-53.
 
 
 18
 Following his conviction, Porter perfected an appeal to this court in which he raised issues relating to his trial but not as to his sentence or the sentencing proceeding. United States v. Porter, No. 86-5745 (6th Cir. Sept. 9, 1987) (per curiam). After his conviction was upheld on appeal, he filed his motion to modify his sentence and presentence report.
 
 
 19
 The district court held that the defendant was not prejudiced by the fact that he only had one day within which to review his presentence report and confer with his counsel. It found that defendant had sufficient time to make detailed objections to the contents of the presentence report and that the defendant declined the court's express offer to allow additional time to confer with counsel. The district court also held that its rulings on the controverted portions of the presentence report had been correct, but it did agree to strike a statement from the presentence report because it had stricken a similar statement from another defendant's presentence report. That statement was to the effect that defendant Porter was responsible for the $10 million loss suffered by the Federal Deposit Insurance Corporation. Finally, the district court rejected the defendant's claim that his trial counsel had been constitutionally ineffective at the time of sentencing.
 
 
 20
 This timely appeal followed. Defendant Porter raises the following issues on appeal: (1) whether the district court afforded him sufficient time to read and review the presentence report; (2) whether the district court (a) failed to make findings on controverted factual matters in the presentence report or (b) failed to state that those controverted matters would not be considered in imposing sentence; (3) whether the district court relied to a constitutionally significant degree upon materially inaccurate information in the presentence report; (4) whether the defendant was denied effective assistance of counsel at his sentencing and on the appeal of his conviction; (5) whether the district judge erred in imposing a fine of $80,000; and (6) whether a different judge will be required for re-sentencing in the event this case is remanded.
 
 II.
 A.
 
 21
 Defendant Porter makes three arguments involving his presentence report. He claims that he was not afforded enough time to read and review the report, that the court failed to make findings regarding matters of controverted fact in the presentence report, and that the district court relied on inaccurate information contained in the report in imposing sentence.
 
 
 22
 At the time of the defendant's sentencing, Rule 32(c)(3)(A), Federal Rules of Criminal Procedure, provided that the court should allow a defendant and his counsel to read the presentence report "[a]t a reasonable time before imposing sentence...." Rule 32(c)(3)(D) requires courts to "make (i) a finding as to the [controverted] allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing."
 
 
 23
 The facts in this case show that the defendant was afforded "a reasonable time" within which to review his presentence report. At the sentencing hearing he showed a thorough familiarity with his presentence report, controverting the details of many of its factual assertions at considerable length. A reasonable time under these circumstances is the time within which one can accomplish the purposes for which he is furnished the presentence report. Porter accomplished those purposes. Moreover, when the court, sua sponte, offered the defendant additional time within which to confer with counsel, the defendant declined and elected to proceed.
 
 
 24
 The record also shows that the district court either made findings concerning the controverted factual matters or stated that such matters would not be considered in the sentencing. Although it is apparent, therefore, that the defendant's first two claims under Rule 32 are probably without merit, a detailed discussion of their facts is unnecessary because those claims are barred. First, this is a collateral attack under 28 U.S.C. Sec. 2255, not a direct appeal. In United States v. Addonizio, 442 U.S. 178, 184 (1979), the Court stated, "It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Particularly where, as here, nonconstitutional claims are being made for the first time upon collateral attack, the courts have refused to consider them.
 
 
 25
 The writ of habeas corpus and its federal counterpart, 22 U.S.C. Sec. 2255, "will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590 (1947). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings.
 
 
 26
 Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). Since these matters were not raised on the direct appeal of this case, and because they do not amount to constitutional claims, the defendant is barred from employing them in a collateral attack. See Hill v. United States, 368 U.S. 424, 429 (1962).
 
 
 27
 As to the defendant's third claim concerning his presentence report, i.e., that the district court relied on inaccurate information within it, it is unclear whether a constitutional or nonconstitutional claim is presented. However, as this court said in United States v. Fry, 831 F.2d 664, 667 (6th Cir.1987), "[I]n order to show a due process violation, the defendant must raise grave doubt as to the veracity of the information and show that the court relied on that false information in determining the sentence."
 
 
 28
 The alleged inaccuracies raised by the defendant are relatively unimportant ones. Brief for Appellant at 26. At his sentencing, the defendant produced no evidence to show that his version of the controverted matters was accurate. Thus, he has never raised a "grave doubt" about the veracity of the information the court relied on. This allegation, therefore, does not amount to a claim of constitutional error and thus, being first raised on collateral attack, it is barred by the doctrine in Stone and Addonizio.
 
 
 29
 Even if the claim were treated as a constitutional one, however, it is not to be considered on collateral attack unless the defendant can demonstrate cause for not having appealed the alleged error and prejudice resulting from it. This "cause and prejudice" requirement was specifically adopted for use in section 2255 proceedings by the Supreme Court in United States v. Frady, 456 U.S. 152, 167 (1982). In Frady, the court noted that the defendant had neither objected at trial to the instructions he claimed were erroneous nor raised the issue on direct appeal. Stressing the importance of finality of judgments after direct appeal, the Court said:
 
 
 30
 Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect.
 
 
 31
 Frady, 456 U.S. at 165-66.
 
 
 32
 In this case, defendant Porter waived his sentencing claims by failing to pursue them on his direct appeal. The judgment against him is now final, and he must therefore show both "cause and prejudice" to obtain relief in this collateral attack upon it. In his pleadings and briefs, the defendant assails the effectiveness of his trial counsel, Mr. Pinales, but nowhere does he purport to explain why the issue was not raised on direct appeal.[1] The record is simply empty in this area. It results that Porter has not shown the cause required to allow a collateral attack, and consideration of this claim is therefore barred by the decision in Frady.
 
 B.
 
 33
 Defendant Porter argues that his Sixth Amendment rights to effective assistance of counsel were violated by the conduct of his attorney at the sentencing hearing. The test for determining ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668, 687 (1984):
 
 
 34
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.
 
 
 35
 Strickland also makes it clear that "the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact," id., 466 U.S. at 698, and, thus, this court will review the matter de novo. See Blackburn v. Foltz, 828 F.2d 1177, 1181 (6th Cir.1987), cert. denied, 485 U.S. 970 (1988).
 
 
 36
 The defendant argues that his counsel was constitutionally deficient in failing to "inform [defendant] prior to the sentencing of the tremendous impact which the contents of the Pre-sentence Investigation Report would have upon the [defendant], both with respect to sentencing and to the United States Parole Commission." Brief of Appellant at 28. The cases that have considered similar claims have held that counsel is not ineffective in failing to explain the impact of the presentence report on potential parole proceedings. United States v. Stevens, 559 F.Supp. 1007, 1013-14 (D.Kan.1983); Frank v. United States, 515 F.Supp. 703, 708 (W.D.Pa.1981). Indeed, counsel has been held responsible only to advise a defendant of the direct consequences of a sentence. Thus, failure to advise of collateral consequences does not amount to ineffective assistance. United States v. Del Rosario, 902 F.2d 55, 59 (D.C.Cir.) (collecting cases), cert. denied, --- U.S. ----, 111 S.Ct. 352 (1990); United States v. Santelises, 509 F.2d 703, 704 (2d Cir.1975) (per curiam) (failure to inform of possible deportation not ineffective assistance).
 
 
 37
 Even if this court found that counsel's failure to explain the intricacies of Parole Commission action to his client was egregious error, we would still be unable to find that any such error prejudiced the sentencing proceeding because "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694. Defendant Porter has not shown a reasonable probability that the outcome of his case would have been different had his attorney explained to him his notions of the impact of the presentence report on the Parole Commission. Defendant Porter, therefore, has not carried his burden of showing ineffective assistance of counsel.
 
 
 38
 The defendant also argues that his attorney was professionally deficient in failing to rebut allegedly erroneous information contained in the presentence report. The record clearly shows, however, that Porter personally handled this part of his sentencing and for fourteen pages of transcript discussed the details of his presentence report directly with the court. J.A. 140-54. It may well be that the defendant, naturally more familiar with the details of his banking activities than his attorney, did a better job in arguing his contentions than counsel could have. When the defendant has spoken for himself, there is no need for counsel to reiterate his points. Under these circumstances, there is simply no deficiency of counsel. Moreover, under the test in Strickland, there is no "reasonable probability" that any different result would have been reached had counsel made the argument.
 
 
 39
 The defendant also suggests that his counsel was deficient in failing "to require the court ... to make findings of fact as to the matters contained in the Presentence Investigation Report which he controverted." Brief of Appellant at 2. This contention is without merit because counsel cannot "require" the court to make such findings and because the court actually did make such findings. Counsel was not deficient in this respect, and there is no "reasonable probability" that the outcome of the sentencing proceeding would have been different had counsel badgered the court about its findings. For the foregoing reasons, the counsel's conduct of this sentencing proceeding was not so unreasonably deficient as to undermine the proper functioning of the adversarial process.
 
 C.
 
 40
 Defendant Porter argues that the district court did not consider certain factors in deciding whether to impose a fine and that the fine as imposed exceeds the maximum aggregate amount specified in 18 U.S.C. Sec. 3623(c)(2). A review of the record discloses that this issue was not raised at any time before the district court, either at sentencing or in this proceeding. Neither was it raised on the direct appeal of this case. Matters not presented in the first instance to the district court are not considered on appeal. Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988); United States v. McDowell Contractors, Inc., 668 F.2d 256, 257 (6th Cir.1982) (per curiam) ("inveterate rule not to reverse on grounds not raised in the district court.") In any event, the district court did not exceed the statutory maximum for fines. Under 18 U.S.C. Sec. 3623(a)(3), the court could have imposed a $250,000 fine on each count and therefore could have imposed a total fine of $500,000, even according to the defendant's theory.
 
 
 41
 It is also clear that the defendant has not raised the issue of his appellate attorney's effectiveness. The question is not argued in defendant's brief and thus is considered abandoned. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Neither was the matter raised before the district court. It should not be considered by this court for the reasons mentioned above.
 
 III.
 
 42
 For the foregoing reasons, the order of the district court denying defendant's motion for modification of sentence and for modification of presentence investigation report is AFFIRMED in all respects.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Defendant had a new lawyer on appeal, Mr. Partin