**STATE of Utah, Plaintiff and Appellee,**

v.

**Sean P. McFADDEN, Defendant and Appellant.**

**No. 930097–CA.**

Court of Appeals of Utah.

Nov. 10, 1994.

1304

Earl Xaiz and Hakeem Ishola, Salt Lake City, for appellant.

Todd A. Utzinger and Jan Graham, Salt Lake City, for appellee.

Before BENCH, DAVIS and ORME, JJ.

## OPINION

BENCH, Judge:

Defendant challenges the trial court's order denying his motion to withdraw his guilty plea of forcible sexual abuse. We affirm.

## FACTS

Defendant was charged with aggravated sexual abuse, a first degree felony, in violation of Utah Code Ann. § 76-5-405 (1990). After the State had presented most of its evidence against defendant at a jury trial, defendant entered a guilty plea to forcible sexual abuse, a second degree felony, in violation of Utah Code Ann. § 76-5-404 (1990).

Prior to sentencing, defendant filed a motion to withdraw his guilty plea, claiming that he had not voluntarily entered his plea and that he had been denied effective assistance of counsel. Among other things, defendant argued that he would not have entered his guilty plea had he known that the plea might subject him to deportation.[1] After an evidentiary hearing, the trial court denied defendant's motion to withdraw his guilty plea, and this appeal followed.

## ISSUES

Defendant raises the following issues on appeal: (1) whether the trial court erred in ruling that defendant's guilty plea was voluntary; and (2) whether the trial court erred in ruling that defendant was afforded effective assistance of counsel.

## ANALYSIS

### Voluntariness of the Guilty Plea

Defendant argues that his guilty plea was not entered voluntarily or knowingly since he did not know of the possibility that he might be deported for having committed his second crime of moral turpitude or his first aggravated felony. We disagree.

■ The United States Supreme Court has held that an accused must be "fully aware of the *direct* consequences" of a guilty plea. *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (emphasis added). "If the consequence flowing from the plea is 'collateral,' then the defendant need not be informed of it before entering the plea." *Santos v. Kolb,* 880 F.2d 941, 944 (7th Cir.1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990). Therefore, "actual knowledge of the collateral consequences of a guilty plea is not a prerequisite to the entry of a knowing and intelligent plea...." *United States v. Campbell,* 778 F.2d 764, 768 (11th Cir.1965); *see also United States v. Russell,* 686 F.2d 35, 38 (D.C.Cir.1982) ("Certain consequences of a guilty plea are 'collateral' rather than direct, however, and need not be explained to the defendant in order to ensure that the plea is voluntary"); *United States v. Sambro,* 454 F.2d 918, 922 (D.C.Cir.1971) ("We presume that the Supreme Court [in *Brady* ] meant what it said when it used the word '*direct* '; by doing so, it excluded *collateral* consequences").

■ A collateral consequence is one that is not related to the length or nature of the sentence imposed on the basis of the plea. *Kincade v. United States,* 559 F.2d 906, 909 (3d Cir.) (per curiam), *cert. denied,* 434 U.S. 970, 98 S.Ct. 519, 54 L.Ed.2d 458 (1977). Federal courts have uniformly held that deportation is a collateral consequence of conviction and that the possibility of being deported does not affect the voluntariness of a guilty plea. *See, e.g., United States v. Del Rosario,* 902 F.2d 55, 59 (D.C.Cir.), *cert. denied,* 498 U.S. 942, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990); *United States v. Romero–Vilca,* 850 F.2d 177, 179 (3d Cir.1988); *United States v. Campbell,* 778 F.2d 764, 768 (11th Cir.1985); *Downs–Morgan v. United States,* 765 F.2d 1534, 1537–38 (11th Cir. 1985); *Russell,* 686 F.2d at 39; *Fruchtman v. Kenton,* 531 F.2d 946, 949 (9th Cir.1976);

---

1. Defendant is a Canadian citizen and a resident alien in this country.

*United States v. Santelises,* 509 F.2d 703, 704 (2d Cir.1975); *Sambro,* 454 F.2d at 921–22; *United States v. Nagaro–Garbin,* 653 F.Supp. 586, 589 (E.D.Mich.1987). We are persuaded by these federal authorities and therefore hold, as a matter of constitutional law, that the voluntariness of a plea is unaffected by collateral consequences such as possible deportation.[2]

### Ineffective Assistance of Counsel

■ Defendant argues that he was denied effective assistance of counsel because trial counsel failed to advise him of the risk of deportation. We disagree. Utah courts have applied the test set out in *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984) to decide a claim for ineffective assistance of counsel. *See, e.g., State v. Hay,* 859 P.2d 1, 5 (Utah 1993). To successfully challenge a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the case. *Id.*

Since there is no controlling Utah law on the narrow question presented, we look to case law of other jurisdictions. Federal courts that have addressed "the question of counsel's failure to warn of possible deportation have uniformly held that deportation is a collateral consequence of the criminal process and hence the failure to advise does not amount to ineffective assistance of counsel." *United States v. Banda,* 1 F.3d 354, 356 (5th Cir.1993); *accord Varela v. Kaiser,* 976 F.2d 1357, 1358 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1869, 123 L.Ed.2d 489 (1993); *Del Rosario,* 902 F.2d at 59; *Santos,* 880 F.2d at 944; *United States v. George,* 869 F.2d 333, 338 (7th Cir.1989); *United States v. DeFreitas,* 865 F.2d 80, 82 (4th Cir.1989);

*United States v. Yearwood,* 863 F.2d 6, 7–8 (4th Cir.1988); *United States v. Gavilan,* 761 F.2d 226, 228 (5th Cir.1985); *Sanchez v. United States,* 572 F.2d 210, 211 (9th Cir. 1977); *Nunez Cordero v. United States,* 533 F.2d 723, 726 (1st Cir.1976); *Santileses,* 509 F.2d at 704.[3]

Similarly, most state courts have adopted the federal view of ineffective assistance of counsel that does not require counsel to inform an accused of possible deportation consequences of a guilty plea. *See, e.g., Oyekoya v. State,* 558 So.2d 990, 990–91 (Ala.Crim. App.1989); *Tafoya v. State,* 500 P.2d 247, 252 (Alaska 1972), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (1973); *Matos v. United States,* 631 A.2d 28, 31–32 (D.C.1993); *State v. Ginebra,* 511 So.2d 960, 961 (Fla. 1987); *People v. Huante,* 143 Ill.2d 61, 156 Ill.Dec. 756, 761, 571 N.E.2d 736, 741 (1991); *Mott v. State,* 407 N.W.2d 581, 583 (Iowa 1987); *Daley v. State,* 61 Md.App. 486, 487 A.2d 320, 322–23 (1985); *People v. Boodhoo,* 191 A.D.2d 448, 593 N.Y.S.2d 882, 883 (1993); *Commonwealth v. Frometa,* 520 Pa. 552, 555 A.2d 92, 93–94 (1989); *State v. Santos,* 136 Wis.2d 528, 401 N.W.2d 856, 858 (1987). *But see Commonwealth v. Mahadeo,* 397 Mass. 314, 491 N.E.2d 601, 603–04 (1986); *State v. Lopez,* 379 N.W.2d 633, 637–38 (Minn.Ct. App.1986); *State v. Chung,* 210 N.J.Super. 427, 510 A.2d 72, 76–77 (1986); *Lyons v. Pearce,* 298 Or. 554, 694 P.2d 969, 978 (1985); *In re Peters,* 50 Wash.App. 702, 750 P.2d 643, 646 (1988).

■ We follow the majority rule and hold that counsel's performance is not deficient by the mere failure to apprise a noncitizen defendant that entry of a guilty plea might subject defendant to deportation. In this particular case, we lack even the factual predicate that counsel knew or should have

---

2. We recognize that the State can afford greater protection by rule or statute. Indeed, several states have so provided. *See* Cal.Penal Code § 1016.5 (West 1993); Conn.Gen.Stat. § 54–1j (1993); Fla.R.Crim.P. 3.172(c)(8) (1993); Mass. Gen.L. ch. 278, § 29D (1993); Or.Rev.Stat. § 135.385 (1993); Wash.Rev.Code § 10.40.200 (1993). Absent a statute, however, "this court is constrained to follow the overwhelming weight of authority in this country that the trial court's failure to advise [defendant] of possible deportation proceedings did not affect the voluntariness

of his guilty plea." *Daley v. State,* 61 Md.App. 486, 487 A.2d 320, 322 (1985).

3. Federal courts have recognized one exception to this general rule—when counsel affirmatively, but erroneously, represents that the accused will not be subject to deportation. *See, e.g., Downs–Morgan,* 765 F.2d at 1540–41; *Santelises,* 509 F.2d at 704. This exception, however, is inapplicable in the present case.

known that defendant was a resident alien. *See Daley,* 61 Md.App. 486, 487 A.2d at 322–23. The trial court therefore did not err in ruling that defendant was afforded effective assistance of counsel. Because we hold that defendant did not satisfy his burden of showing deficient performance of counsel, we need not address the prejudice prong of the *Strickland* test.

## CONCLUSION

The trial court did not err in ruling that defendant's guilty plea was voluntary. Further, the trial court did not err in ruling that defendant was afforded effective assistance of counsel.

Therefore, we affirm the trial court's order denying defendant's motion to withdraw his guilty plea.

DAVIS and ORME, JJ., concur.