2003 UT App 203

**STATE of Utah, Plaintiff and Appellee,**

v.

**Tomas G. ROJAS–MARTINEZ, Defendant and Appellant.**

No. 20020706–CA.

Court of Appeals of Utah.

June 19, 2003.

---

Hakeem Ishola, Ishola & Associates PC, Katy, Texas, for Appellant.

Craig T. Peterson, Deputy Davis County Attorney, and Melvin C. Wilson, Davis County Attorney, Farmington, for Appellee.

Before BILLINGS, Associate P.J., and BENCH and THORNE, JJ.

## OPINION

BILLINGS, Associate Presiding Judge:

¶ 1 Defendant Tomas Rojas–Martinez appeals the trial court's order denying his motion to withdraw his guilty plea of sexual battery, a class A misdemeanor under Utah Code Ann. § 76–9–702 (Supp.2002).[1] We reverse and remand.

## BACKGROUND

¶ 2 In May 2002, Defendant was charged with one count of sexual battery, a class A misdemeanor, in violation of Utah Code Ann. § 76–9–702 (Supp.2002). Defendant, a Mexi-

---

**1.** We note our disappointment in receiving no brief from the State of Utah or Davis County in this case involving an issue of first impression in Utah's state courts.

can citizen, has three children with United States citizenship who could qualify Defendant for permanent resident alien status. Defendant allegedly touched the breast of a sixteen-year-old juvenile, over her clothing and without her consent. Prior to entering Defendant's guilty plea, Defendant's counsel advised Defendant on the issue of deportation. The trial court later found that counsel "informed [Defendant] that his guilty plea and conviction could lead to deportation, but it might or might not."

¶ 3 At the plea hearing, which was conducted in English, the trial court asked Defendant, "Do you read, write, and understand English?" Defendant responded, "Yes." The court advised Defendant of his various rights under rule 11 of the Utah Rules of Criminal Procedure, after which Defendant affirmatively responded, at the appropriate times, that he understood those rights. Defendant pleaded guilty to the offense and was sentenced on July 30, 2002, to 365 days in jail.

■ ¶ 4 On August 20, 2002, Defendant timely moved to withdraw his guilty plea.[2] The trial court denied this motion in November 2002, finding Defendant's counsel "did not affirmatively misrepresent the [deportation] consequences of ... [D]efendant's guilty plea." This appeal followed.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 5 Defendant argues the trial court erred in ruling that Defendant was afforded effective assistance of counsel and therefore erred in denying his motion to withdraw his guilty plea. "We review this claim as a matter of law." *State v. Smith*, 2003 UT App 52, ¶ 12, 65 P.3d 648.

## ANALYSIS

■ ¶ 6 Defendant contends he was denied his Sixth Amendment right to effective assistance of counsel because his counsel misstated the law regarding the deportation consequences of Defendant's guilty plea. *See*

U.S. Const. amend. VI. In deciding a claim for ineffective assistance of counsel, we apply the test set out in *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984). *See, e.g., State v. Martinez,* 2001 UT 12, ¶ 16, 26 P.3d 203. "Under the *Strickland* test, an individual has been denied the effective assistance of counsel if: (1) counsel's performance was deficient below an objective standard of reasonable professional judgment, and (2) counsel's performance prejudiced the defendant." *Id.*

■ ¶ 7 We have held that deportation is a "collateral consequence" of conviction. *State v. McFadden,* 884 P.2d 1303, 1304–05 (Utah Ct.App.1994). Thus, "an attorney's failure to inform a client of the deportation consequences of a guilty plea, *without more,* does not fall below an objective standard of reasonableness." *United States v. Couto,* 311 F.3d 179, 187 (2nd Cir.2002) (emphasis added); *see McFadden,* 884 P.2d at 1305.

■ ¶ 8 However, a commonly recognized exception to this rule exists when an attorney *affirmatively misrepresents* deportation consequences to his or her client. *See McFadden,* 884 P.2d at 1305 n. 3 (noting exception exists but finding it inapplicable where attorney entirely failed to advise client on the subject of deportation); *see also, e.g., Couto,* 311 F.3d at 187–88; *El–Nobani v. United States,* 287 F.3d 417, 422 (6th Cir.2002) (finding plea legitimate "[b]ecause the government did not misrepresent to petitioner the consequences of his plea"); *People v. Correa,* 108 Ill.2d 541, 92 Ill.Dec. 496, 485 N.E.2d 307, 311 (1985); *People v. Soriano,* 194 Cal. App.3d 1470, 240 Cal.Rptr. 328, 336 (1987) (finding counsel ineffective where counsel merely warned defendant there *"might* be immigration consequences to his guilty plea" (emphasis added)); *Roberti v. State,* 782 So.2d 919, 920 (Fla.Ct.App.2001) ("Affirmative misadvice about even a collateral consequence of a plea constitutes ineffective assistance of counsel and provides a basis on

---

2. Under Utah Code Ann. § 77–13–6(2)(b) (1999), a defendant must file a motion to withdraw a guilty plea "within 30 days after the entry of the plea." The Utah Supreme Court has concluded the phrase "entry of the plea" refers to the date of conviction, which generally occurs at sentenc-

ing. *See State v. Ostler,* 2001 UT 68, ¶¶ 8–11, 31 P.3d 528. Thus, the thirty-day time limit runs from the time of sentencing, and not from the date of the plea colloquy. *See id.* at ¶ 11. Here, Defendant filed his motion within thirty days of his sentencing.

which to withdraw the plea."). Under this exception, we conclude that "an affirmative misrepresentation by counsel as to the deportation consequences of a guilty plea is today objectively unreasonable." *Couto*, 311 F.3d at 188.[3]

¶ 9 Here, the trial court found that counsel told Defendant "that his guilty plea and conviction could lead to deportation, but it *might or might not*." (Emphasis added.) Defendant was convicted by guilty plea of sexual battery, a class A misdemeanor in Utah, *see* Utah Code Ann. § 76–9–702(3) (Supp.2002), and the alleged victim was a minor. This crime is considered an "aggravated felony" under 8 U.S.C.A. § 1101(a)(43)(A) (2002).[4] *See Guerrero–Perez v. INS*, 242 F.3d 727, 737 (7th Cir.2001) (concluding aggravated felonies can apply to state misdemeanor offenses); *United States v. Padilla–Reyes*, 247 F.3d 1158, 1162–63 (11th Cir.2001) (concluding "sexual abuse of a minor," which is an "aggravated felony," "includes acts that involve physical contact between the perpetrator and the victim as well as acts that do not"). Further, "because the 1996 amendments to the Immigration and Nationality Act eliminated all discretion as to deportation of non-citizens convicted of aggravated felonies, [Defendant's] plea of guilty mean[s] virtually automatic, unavoidable deportation." *Couto*, 311 F.3d at 183–84; *see United States*

v. *Amador–Leal*, 276 F.3d 511, 516 (9th Cir. 2002) ("[I]t is now virtually certain that an aggravated felon will be [deported].").

¶ 10 Therefore, by advising Defendant he "might or might not" be deported, Defendant's counsel affirmatively misrepresented the deportation consequences of Defendant's plea, and thus counsel's "performance was deficient below an objective standard of reasonable professional judgment." *Martinez*, 2001 UT 12 at ¶ 16, 26 P.3d 203.

 ¶ 11 Defendant must also meet the prejudice prong of the *Strickland* test, which requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at ¶ 17 (quotations and citation omitted). In Defendant's affidavit supporting his motion to withdraw his guilty plea, he stated that he "would not have pleaded guilty" had he known he would be deported. Instead, he "would have gone to trial [to] prove [his] innocence." The record does not conflict with this testimony, and the State does not challenge it. Thus, we conclude counsel's representation prejudiced Defendant. We conclude the trial court erred in ruling that Defendant was afforded effective assistance of counsel and therefore erred in denying his motion to withdraw his guilty plea.[5] We reverse and remand for

---

3. This makes particular sense in light of the Supreme Court's recent analysis in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Citing the amicus brief for the National Association of Criminal Defense Lawyers, the Court noted that "[e]ven if the defendant were not initially aware of [possible waiver of deportation under the Immigration and Nationality Act's prior] § 212(c), *competent defense counsel,* following the advice of numerous practice guides, would have advised him concerning the provision's importance." *Id.*, 533 U.S. at 323 n. 50, 121 S.Ct. at 2291 n. 50 (emphasis added). The Court also noted that "the American Bar Association's Standards for Criminal Justice provide that, if a defendant will face deportation as a result of conviction, defense counsel 'should fully advise the defendant of these consequences.'" *Id.*, 533 U.S. at 323 n. 48, 121 S.Ct. at 2291 n. 48 (citation omitted). Further, "[d]eportation, although collateral, is, nonetheless, a drastic consequence. In most cases this collateral consequence is more severe than the penalty imposed by the court in response to the plea." *People v. Correa*, 108 Ill.2d

541, 92 Ill.Dec. 496, 485 N.E.2d 307, 311 (1985). Because of this, an attorney's affirmative misstatement on the matter presents an objectively unreasonable deficiency.

4. Under section 1101(a)(43), "aggravated felony" includes "sexual abuse of a minor." 8 U.S.C.A. § 1101(a)(43)(A) (2002). Here, the INS has initiated deportation proceedings against Defendant, and the State does not challenge the conviction's classification as an "aggravated felony."

5. Defendant also argues his guilty plea entered pursuant to incompetent advice of counsel is "involuntary" and therefore invalid. We need not address this issue, for "[a]n 'accused who has not received reasonably effective assistance from counsel in deciding to plead guilty cannot be bound by that plea because a plea of guilty is valid only if made intelligently and voluntarily.'" *United States v. Couto*, 311 F.3d 179, 187 (2nd Cir.2002) (quoting *United States v. George*, 869 F.2d 333, 335–36 (7th Cir.1989)) (additional citation omitted).

proceedings consistent with this opinion.[6]

¶ 12 WE CONCUR: RUSSELL W. BENCH, Judge and WILLIAM A. THORNE JR., Judge.

---

6. Because we find in favor of Defendant on the ineffective assistance of counsel issue, we do not reach Defendant's second argument that the trial court failed to comply with rule 11 of the Utah Rules of Criminal Procedure by not providing an interpreter during plea proceedings.