CRAWFORD, Judge
(concurring in the result):
I respectfully disagree with the majority’s continuing pattern of engaging in judicial rulemaking by usurping the authority of the President as delegated to him by Congress pursuant to Article 36(a), Uniform Code of Military Justice Article (UCMJ), 10 U.S.C. *460 § 836(a) (2000).[1] This Court does not have the authority to create a rule requiring trial defense counsel to advise an accused regarding a particular consequence of a conviction in order to find a guilty plea provident. “[T]he power of judging ... [must be] separated from the legislative and executive powers.” United States v. Moreno, 63 M.J. 129, 144 (C.A.A.F.2006) (Crawford, J., concurring in part and dissenting in part) (citing The Federalist, No. 47, at 302 (James Madison) (Clinton Rossiter ed., 1961)).
In this case, the majority creates a prospective rule “to address the importance of trial defense counsel explaining the sex offender registration requirement to an accused ----prior to trial as to any charged offense listed on the DoD Instr. 1325.7 Enclosure 27: Listing Of Offenses Requiring Sex Offender Processing.”[2] In addition, the majority requires that, in the future, trial defense counsel “state on the record of the court-martial” that he has advised the accused of this requirement.[3] This Court stated that while failure to advise an accused of the registration requirement will not per se amount to ineffective assistance of counsel, the failure to do so will be “carefully considered] in evaluating allegations of ineffective assistance of counsel.”
Rulemaking authority belongs to the legislature through statute or the President through the implementation of changes in the Manual for Courts-Martial, United States (2005 ed.) (MCM). Pursuant to Article 36(a), UCMJ, the President of the United States is given express authority to promulgate “[pretrial, trial, and post-trial procedures, including modes of proof, for eases ... triable in courts-martial ... so far as [the President] considers practicable, applying] the principles of law and the rules of evidence generally recognized in the trial of criminal cases in the United States district courts____” The President does this through executive order by creating and modifying the Rules of Courts-Martial (R.C.M.) and the Military Rules of Evidence in the MCM. R.C.M. 910 sets out what is required before an accused’s plea is acceptable.
Like Fed.R.Crim.P. 11(b)(1),[4] R.C.M. 910(c) sets forth the military judge’s responsibility regarding the advice given to an accused to ensure a knowing and voluntary plea. Just as these rules do not require that the military judge specifically notify an accused of all the rights he or she is waiving by a plea, they also do not require that the military judge inform an accused of all the possible collateral consequences of pleading guilty. The military judge must ensure that the plea is voluntary and not the result of coercion or unlawful promises. There is no requirement to inform an accused of potential deportation;[5] revocation of a pilot’s license;[6] potential immigration consequences;[7] possibility of consecutive sentences;[8] loss of the right to vote, loss of eligibility to work as a civil servant, travel freely abroad, or pos *461 sess firearms, a driver’s license, or a professional license;[9] or other consequences that may be imposed by the various branches of the federal or state government.[10]
The American Bar Association (ABA) suggests that defense counsel “should determine and advise the defendant ... as to the possible collateral consequences that might ensue from entry of the contemplated plea.” ABA Standards for Criminal Justice: Pleas of Guilty, Standard 14—3.2(f) (3d ed.1993). This requirement, however, is not mandatory.[11] The failure to do so may constitute ineffectiveness of counsel. Rather than overstepping the separation of powers boundaries by creating a prospective rule, which is not within our authority, this Court should recommend that the President consider requiring that defense counsel give such notice to ac-cuseds to avoid any claim in the future of ineffectiveness. The advice from defense counsel would reinforce DoD Instr. 1325.7 that “correctional facility commanders will advise prisoners convicted of an offense requiring registration as a sex offender (see enclosure 27 for list of covered offenses) of the registration requirements of the State in which the prisoner will reside upon release from confinement.” Id. at para. 6.18.5.1.
If there needs to be a change to the requirements of R.C.M. 910, it is up to the President to make that change and not this Court. Some states, through their elected officials, have mandated such requirements. See, e.g., Ducally v. State, 809 A.2d 472, 474 (R.I.2002) (noting state statute requiring judges to inform aliens of impact on immigration status); State v. Douangmala, 2002 WI 62, ¶ 4, 253 Wis.2d 173, 176-77, 646 N.W.2d 1, 2-3 (citing statute requiring warning of deportation). Cf. Mitschke v. State, 129 S.W.3d 130, 136 (Tex.Crim.App.2004) (although state requires registration of sex offenders, failure to apprise a defendant of such a requirement does not require finding a plea involuntary).
The collateral consequence notification requirement imposed by the majority is also inconsistent with Bradshaw v. Stumpf[12] At issue in Bradshaw was whether a plea was voluntary. As the Supreme Court stated, the “prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.”[13] But “[wjhere a defendant pleads guilty to a crime without having been informed of the crime’s elements,” the plea is not voluntary, knowing, and intelligent,[14] The voluntariness of a plea does not depend on notification of the collateral consequences of the plea.
The majority’s opinion is a step down the slippery slope of judicial rulemaking and lays the foundation for creating a future laundry list of potential collateral consequences that military judges and defense counsel will have to discuss with an accused before his or her plea is accepted as provident and voluntary. This approach not only oversteps our judicial role, but also places this Court outside the judicial mainstream. Although I agree with the result to affirm the findings and sentence, I respectfully disagree with this Court’s creation of a rule requiring defense *462 counsel to provide notice to their clients of a sexual offender registration requirement and to state on the record at trial that such notice has been provided.

. I agree with the majority's conclusion that Appellant did not receive ineffective assistance of counsel.

. Dep't of Defense, Instr. 1325.7, Administration of Military Correctional Facilities and Clemency and Parole Authority Enclosure 27: Listing of Offenses Requiring Sex Offender Processing (July 17, 2001, Incorporating Change 1, July 10, 2003) [hereinafter DoD Instr. 1325.7]; see also Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, 42 U.S.C. § 14071 (2000).

. It is not clear when this statement is supposed to be made or whether it is to become part of the guilty plea inquiry by the military judge. The majority opinion also does not address the requirements for trial defense counsel to advise an accused of the consequences of a conviction for one of the enumerated offenses in the event there is a contested case. The trigger is conviction of a listed offense and not whether the accused pleads guilty or is found guilty contrary to his pleas.

. R.C.M. 910 generally follows Fed.R.Crim.P. 11. MCM, Analysis of the Rules for Courts-Martial app. 21 at A21-58 to A21-59.

. United States v. Romero-Vilca, 850 F.2d 177, 179 (3d Cir.1988); United States v. Yearwood, 863 F.2d 6, 7-8 (4th Cir.1988).

. Kratt v. Garvey, 342 F.3d 475, 485 (6th Cir. 2003).

. Broomes v. Ashcroft, 358 F.3d 1251, 1256-57 (10th Cir.2004).

. United States v. Hurlich, 293 F.3d 1223, 1231 (10th Cir.2002).

. See People v. Ford, 86 N.Y.2d 397, 633 N.Y.S.2d 270, 657 N.E.2d 265, 267-68 (1995), and cases cited therein.

. Numerous cases have held that a defense attorney’s mere failure to advise a defendant of the possibility of a collateral consequence does not constitute ineffective assistance of counsel. See Yearwood, 863 F.2d at 7-8. However, if an attorney affirmatively misstates a collateral consequence of a guilty plea, the courts are more open to considering whether the misstatement constituted ineffective assistance of counsel. See United States v. Kwan, 407 F.3d 1005, 1015-16 (9th Cir.2005); United States v. Couto, 311 F.3d 179, 187-88, 191 (2d Cir.2002).

. "Failure of the court or counsel to inform the defendant of applicable collateral sanctions shall not be a basis for withdrawing the plea of guilty, except where otherwise provided by law or rules of procedure, or where the failure renders the plea constitutionally invalid.” ABA Standards for Criminal Justice: Collateral Sanctions and Discretionary Disqualification of Convicted Persons, Standard 19—2.3(b) (3d ed.2004).

. 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005).

. Id. at 2405.

. Id.