**Kevin CREARY, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States,\* Respondent.**

No. 07–3608–ag.

United States Court of Appeals, Second Circuit.

April 3, 2008.

Nicholas J. Adamucci, Bridgeport, CT, for Petitioner.

Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. PETER W. HALL, Circuit Judges, Hon. LEONARD B. SAND, District Judge.\*\*

### SUMMARY ORDER

Petitioner Kevin Creary, a native and citizen of Jamaica, seeks review of a July 23, 2007 order of the BIA dismissing petitioner's appeal from the April 18, 2007 decision of Immigration Judge ("IJ") Michael W. Straus ordering petitioner removed based on a prior conviction for an aggravated felony. *In re Kevin R. Creary,* No. A38 575 536 (B.I.A. July 23, 2007), *aff'g* No. A38 575 536 (Immig. Ct. Hartford Feb. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The IJ found Creary removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because of Creary's prior conviction for second degree larceny under Connecticut law. In his appeal to the BIA, Creary argued that he was denied his constitutional rights when he was ordered removed because the underlying conviction that rendered him removable was constitutionally infirm. Specifically, he claimed that his guilty plea to that offense had not been knowing and voluntary because his attorney at the time did not properly inform him of the immigration consequences of a guilty plea. The BIA affirmed the IJ's finding of removability and, as to Creary's constitutional argument, concluded that the agency could not entertain a collateral attack on an underlying judgment of conviction.

Creary petitioned for review of the BIA's decision to this Court, asserting that he was deprived of due process by being removed based on a conviction for which he was unable to challenge the effectiveness of his counsel, because he did not know his counsel was ineffective until removal proceedings were initiated against him.[1] Although we lack jurisdiction to review final removal orders for petitioners like Creary who have committed aggravated felonies, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction over "constitutional

---

\* Attorney General Michael B. Mukasey is substituted for former Attorney General Alberto Gonzales pursuant to Fed. R.App. P. 43(c)(2).

\*\* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

1. Creary argues that he can no longer challenge the validity of his Connecticut conviction through the usual post-conviction avenues because the time has run on those remedies and because he is no longer in custody of the state. We assume, without deciding, that such avenues are indeed foreclosed.

claims or questions of law" raised upon a petition for review, § 1252(a)(2)(D).

We do not reach the question of whether Creary has been deprived of due process for failure to obtain judicial review of his underlying conviction because Creary has not raised a colorable constitutional claim that he was deprived of effective assistance of counsel in his underlying conviction.

Creary argues that his counsel in state court was ineffective because at his change-of-plea proceeding, his attorney told him that "a conviction 'could' or 'possibly' have immigration consequences." He argues that this was ineffective assistance because his lawyer should have informed him that pleading to a larceny charge would be "certain" to have immigration consequences.[2] To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial. *United States v. Couto*, 311 F.3d 179, 187 (2d Cir.2002). We have held that an attorney's failure to inform a defendant of the immigration consequences of a guilty plea does not constitute ineffective assistance of counsel, *see United States v. Santelises*, 509 F.2d 703, 704 (2d Cir.1975) (per curiam), but that an attorney's affirmative misrepresentation about the deportation consequences of a guilty plea can constitute ineffective assistance, *see Couto*, 311 F.3d at 188. In this case, Creary's attorney did not affirmatively misrepresent the consequences of a guilty plea. In fact, his statement that Creary's guilty plea could have immigration consequences was accurate. *See Sean Zhang v. United States*, 506 F.3d 162, 168 (2d Cir.2007) (concluding that the district court's statements that Zhang was subject to "possible post sentence deportation," that his conviction "could result" in deportation, and that he "may be deported," were not misleading, but rather were an accurate statement about his situation). Counsel's statements to Creary, therefore, cannot constitute ineffective assistance of counsel.

We have considered all of Creary's other arguments and find them to be without merit. For the reasons stated above, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. Creary was not new to the notion that a state conviction could have immigration consequences. In 2000, the government had initiated removal proceedings against Creary for a different Connecticut state conviction. Creary appeared before an IJ and was ultimately not ordered removed because the state court withdrew his guilty plea to that offense.

