THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEFFREY HARVEY, Defendant-Appellant.

First District (4th Division)   No. 1—92—2611

Opinion filed June 2, 1994.

Rita A. Fry, Public Defender, of Chicago (Lynne Hubanks Miller, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, and Matthew McQuaid, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Jeffrey Harvey, was charged by indictment with attempted first degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 8—4), armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2), aggravated kidnapping (Ill. Rev. Stat. 1989, ch. 38, par. 10—2), aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4), and armed violence (Ill. Rev. Stat. 1989, ch. 38, par. 33A—2). Defendant entered a "technical plea of guilty" and was sentenced to concurrent prison terms of 25 years for attempted murder, 15 years for armed robbery, 6 years for aggravated kidnapping, and 5 years for aggravated battery.

On direct appeal, this court, in a unpublished order, reversed defendant's convictions reasoning that the trial court failed to properly advise defendant regarding his right to withdraw his guilty plea. On remand, defendant filed a motion to withdraw his guilty plea which the trial court denied. Defendant now appeals, alleging that (1) the trial court improperly accepted his guilty plea; (2) the proffered testimony fails to adequately provide a factual basis for his guilty plea; (3) he was denied the effective assistance of counsel; (4) double jeopardy prevented the trial court from convicting him of attempted murder; and (5) his sentence is excessive and should be reduced.

We reverse and remand.

On April 3, 1991, defendant appeared before the trial court charged with several criminal offenses, including attempted murder, armed robbery, aggravated kidnapping, aggravated battery, and armed violence. At the hearing, defendant was represented by Assistant Public Defender Frank Rago, who entered a "technical plea of guilty" on behalf of defendant. The State objected and sought to have defendant plead either guilty or not guilty. In response to an inquiry from the trial court, the assistant public defender stated that defendant was pleading guilty to all charges. Thereafter, the trial court admonished defendant regarding the nature of the charges and the possible sentences which could be imposed. Defendant affirmed to the trial court that his plea was voluntary.

Next at the hearing, the State proffered the testimony of Ms. Anne Mate, who would state, if called to testify, that on April 1, 1989, at approximately 1:30 p.m., she had just entered her car when defendant forced his way inside the car. Defendant drove her car and

began striking her about the head and body with a blackjack-type instrument. According to Ms. Mate, defendant continued to beat her as he drove away and also threatened to kill her. Defendant drove the car until it came to rest after colliding with another vehicle. Thereafter, defendant grabbed her purse from the back seat, exited the car, and walked away.

The State also proffered the testimony of several other occurrence witnesses including Robert Hodorowicz, who was driving his car on April 1, 1989, when he observed a car with defendant inside beating a woman. Hodorowicz observed that the woman inside the car was covered with blood, and he followed the car until it crashed into another car. Thereafter, he saw defendant exit the car, carrying a purse. According to Hodorowicz, another motorist chased defendant and held him until the police arrived.

Likewise, if called to testify, Gail Bojan, John Burke, Betty Ellis, and David Lysik would each state that on April 1, 1989, they observed defendant driving a car which was involved in an accident. Each would further state that after the accident, defendant exited the car and began to walk away with a purse in his hands. According to Lysik, he chased defendant, who attempted to hit him with a black metal object. Lysik took the object away from defendant and held him until the police arrived.

Following presentation of the stipulated testimony, defense counsel stated:

> "For purposes of these proceedings, Judge, we will stipulate that the respective witnesses would testify as set forth by the State and reserve further argument on those issues."

After entertaining argument from the parties, the trial court stated that, based on the stipulated testimony, the State had proved every charge against defendant except that of attempted murder. After further argument from the parties, the trial court determined that the stipulated testimony supported a finding of guilty as to each count of the indictment against defendant, including attempted murder. Subsequently, the trial court accepted defendant's guilty plea to all charges and sentenced him to concurrent sentences of 5 to 25 years' imprisonment.

On defendant's direct appeal, this court remanded the matter to the trial court, holding that the trial court failed to adequately admonish defendant that he could file a motion to vacate his guilty plea within 30 days of sentencing. On remand, defendant's motion to withdraw his guilty plea was denied by the trial court. Defendant now appeals.

First, defendant contends that the trial court improperly accepted

his guilty plea. He argues that he never entered an unqualified guilty plea and that he never stipulated to the testimony proffered as a factual basis for the charges against him. We agree with defendant that his convictions must be reversed because no valid guilty plea was presented to the trial court.

At the hearing, Assistant Public Defender Rago entered a "technical plea of guilty" on defendant's behalf. Undoubtedly, there is no rule or provision in Illinois law which recognizes the existence of a "technical plea of guilty." However, the State would have us hold that defendant's plea was voluntarily and intelligently made and that the trial court properly accepted the plea and denied defendant's subsequent motion to withdraw it.

We note that a valid guilty plea is founded upon a defendant's voluntary acknowledgment that he committed the acts charged in the indictment and his consent to have judgment entered without going to trial. (*People v. Huante* (1991), 143 Ill. 2d 61, 69.) By entering a "technical plea of guilty" in the present case, the assistant public defender sought to reserve argument on the issues concerning the charges against defendant. Moreover, throughout the proceedings, and even up until defendant's sentencing hearing, the assistant public defender, in reliance on the "technical plea," continued to dispute the sufficiency of the factual basis offered to support the charges against defendant. Thus, we are persuaded that no valid plea of guilty was entered.

We are cognizant of the fact that in response to the trial court's question as to whether he was pleading guilty to all the charges, defendant answered in the affirmative. After reviewing the record, however, we believe that defendant's "technical plea" and his counsel's insistence to reserve argument on the issues severely discredited the voluntariness of defendant's alleged guilty plea. Given the inherent confusion caused by defendant's "technical plea of guilty," we cannot conclude that a valid plea of guilty was presented to the trial court. Consequently, we are constrained to hold that no valid plea of guilty was entered and we, therefore, remand this cause for further proceedings.

In light of the above determination, we need not consider defendant's remaining contentions.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

HOFFMAN, P.J., and THEIS, J., concur.