SECOND DIVISION
 March 11, 1997









No. 1-96-1347

THE PEOPLE OF THE STATE OF ILLINOIS,

 Plaintiff-Appellee,

 v.

CHUCK MAURY,

 Defendant-Appellant.)
)
)
)
)
)
)
)
)Appeal from the
Circuit Court of
Cook County.



Honorable
Daniel M. Locallo,
Judge Presiding.
 JUSTICE TULLY delivered the opinion of the court:
 Defendant, Chuck Maury, was indicted for numerous counts of possession of
a controlled substance with intent to deliver and one count of criminal drug
conspiracy (720 ILCS 570/405.1 (West 1994)). Defendant pled guilty to the criminal
drug conspiracy count and the State agreed to nolle prosequi the remaining
indictments. The gist of the allegations made against defendant was that he
controlled and supervised a cocaine distribution operation from a liquor store he
owned at 6758 South Halsted Street in Chicago. The trial court accepted defendant's
guilty plea, entered a judgment of conviction upon it, and sentenced defendant to 13
years' imprisonment. Subsequently, pursuant to section 122-1 of the Code of
Criminal Procedure (725 ILCS 5/122-1 (West 1994)), defendant filed a post-conviction
petition seeking to vacate the judgment of conviction entered against him, which the
circuit court denied. It is from the order denying his post-conviction petition that
defendant now appeals to this court pursuant to Supreme Court Rule 603 (134 Ill. 2d
R. 603).
 Defendant submits that the circuit court erred in dismissing his post-conviction
petition as his constitutional right to effective assistance of counsel as guaranteed by
the Sixth and Fourteenth Amendments to the United States Constitution (U.S.
Const., amends. VI, XIV) was denied. Defendant makes no claim of a violation of his
constitutional right to effective assistance of counsel under the 1970 Illinois
Constitution.
 The Post-Conviction Hearing Act permits a criminal petitioner the opportunity
to challenge his conviction when there has been a substantial denial of his
constitutional rights. 725 ILCS 5/122-1 et seq. (West 1994). A post-conviction action
is a collateral attack on the prior judgment of conviction, but not an appeal, per se,
from the underlying conviction or sentence. People v. Hampton, 165 Ill. 2d 472, 477
(1995); People v. Eddmonds, 143 Ill. 2d 501, 510 (1991). Accordingly, a petitioner
cannot merely allege that error occurred at trial, but must establish a substantial
deprivation of his constitutional rights which produced the judgment under attack. 
People v. Guest, 166 Ill. 2d 381, 389 (1995); People v. Ruiz, 132 Ill. 2d 1, 9 (1989).
 Moreover, a post-conviction petitioner is not entitled to an evidentiary hearing
as a matter of right. Guest, 166 Ill. 2d at 389. The petitioner is entitled to such a
hearing only if he has made a substantial showing, based on the record and
supporting affidavits, that his constitutional rights were violated. Guest, 166 Ill. 2d
at 389. Unsupported conclusory allegations in the petition or in the petitioner's
affidavit are not sufficient to require a hearing. People v. Jackson, 213 Ill. App. 3d
806, 811 (1991).
 If the circuit court finds that the post-conviction petition raises frivolous issues
that are "patently without merit," the court may summarily dismiss the petition
without an evidentiary hearing. 725 ILCS 5/122-2.1(a)(2) (West 1994). The circuit
court's summary dismissal of a post-conviction will not be disturbed by a reviewing
court unless manifestly erroneous. Guest, 166 Ill. 2d at 389.
 Specifically, defendant assigns error to his trial counsel's allegedly incorrectly
informing that he was eligible for certain programs offering early release from prison. 
According to defendant, trial counsel told defendant that he could receive additional
"good time" credit for participation in various programs offered by the Illinois
Department of Corrections. Thus, if defendant was engaged in a correctional
industry assignment and satisfactorily completed it, then he would receive 1« days
of good time credit per day rather that the customary 1-day credit. However, as
defendant pled guilty to criminal drug conspiracy, a class X felony, he is ineligible to
participate in said programs under section 3-6-3(a)(4) of the Unified Code of
Corrections (730 ILCS 5/3-3-3(a)(4) (West 1994)). Defendant contends that had trial
counsel not tendered the foregoing erroneous advise, he would have gone to trial and
would not have entered a guilty plea. In addition, defendant argues that trial counsel
failed to raise a ground for dismissal, double jeopardy, which was viable at the time
the guilty plea was entered.
 The supreme court of Illinois in People v. Albanese, 125 Ill. 2d 100 (1988),
adopted the standard set forth by the United States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), for determining
whether an accused was denied effective assistance of counsel under the Federal and
State constitutions. The supreme court in Albanese summarized the two-prong
Strickland standard as the following:
 "Strickland advances a two-component standard. The first
 component is to prove that counsel's representation fell
 below an objective standard of reasonableness such that
 the trial results were unreliable. Under the second
 component, the defendant must prove that he was
 prejudiced by the unprofessional conduct; that is, he must
 show, but for the attorney's unprofessional errors, the
 results of the trial would have been different." Albanese,
 125 Ill. 2d at 106 citing Strickland, 466 U.S. at 687.
 In ascertaining whether counsel's representation fell below an objective
standard of reasonableness, "[t]he proper measure of attorney performance remains
simply reasonableness under prevailing professional norms." Strickland, 466 U.S. at
688. In making this assessment, "[j]udicial scrutiny must be highly deferential[,]" a
court must resist the temptation to second-guess counsel's actions and avoid the
distorting effects of hindsight. Strickland, 466 U.S. at 689.
 In assessing whether there was prejudice by counsel's unprofessional conduct,
a defendant bears the burden of proving that there exists "a probability sufficient to
undermine confidence in the outcome" and that, absent counsel's errors, "the fact
finder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at
694, 695.
 In determining whether a defendant was competently counseled in his decision
to plead guilty, the inquiry must focus on whether trial counsel's advice was within
the range of competence demanded of attorneys in criminal cases. People v.
Hillenbrand, 121 Ill. 2d 537, 548-49 (1988).
 Because the validity of a defendant's guilty plea turns on whether he entered
the plea voluntarily and intelligently, trial counsel's conduct is deficient under
Strickland if the attorney failed to ensure that the defendant entered the plea
voluntarily and intelligently. People v. Huante, 143 Ill. 2d 61, 69 (1991). Courts,
however, have emphasized a distinction between advising a defendant of the direct
consequences of a guilty plea and of the consequences that arise collaterally. If the
consequence flowing from the plea is collateral, then the defendant need not be
informed of it before entering the plea. Knowledge of a collateral consequence is not
necessary for the entry of a knowing and voluntary plea. Huante, 143 Ill. 2d at 69-
70.
 Supreme Court Rule 402 (134 Ill. 2d R. 402) was adopted in response to the
United States Supreme Court holding in Boykin v. Alabama, 395 U.S. 238, 23 L. Ed.
2d 274, 89 S. Ct. 1709 (1969), that a guilty plea not be accepted in the absence of an
affirmative showing in the record that such plea was intelligent and voluntary. 
People v. Stewart, 101 Ill. 2d 470, 484 (1984). Rule 402 requires that before the trial
court accepts a defendant's plea of guilty the defendant must be admonished as to the
nature of the charges against him, his right to a jury trial and the right to confront
witnesses against him. The rule only requires substantial compliance. People v.
Moore, 214 Ill. App. 3d 9938, 942 (1991). However, Rule 402 does not require that
a defendant be advised of the collateral consequences of his plea. Huante, 143 Ill. 2d
at 70. The rule was designed to insure properly entered pleas of guilty, not to provide
for a recital of all the possible sentencing situations that might arise. Stewart, 101
Ill. 2d at 486.
 In the case sub judice, we agree with the circuit court's well-reasoned
conclusion that the relevant provisions of the early release statute are collateral to
defendant's plea of guilty (see People v. Menke, 74 Ill. App. 3d 220, 222 (1979)) and
that Menke and Huante are controlling of the present case.
 In Menke, this court held that a trial court is not required to explain early
release provisions to a criminal defendant before it accepts a guilty plea as the effect
of those provisions are a collateral consequence to the entry of the guilty plea. See
People v. Burton, 100 Ill. App. 3d 1021, 1024 (1981) (good time credit programs are
enacted to promote prison discipline). In Huante, the supreme court held that the
non-disclosure of a collateral consequence by defense counsel to a defendant prior to
the entry of a guilty plea does not violate the defendant's right to effective assistance
of counsel. Notwithstanding the foregoing, this court is aware of potential distinction
between Menke and Huante from the present case. 
 While it is true that Menke was decided under Rule 402, we nevertheless find
its rationale to be significant here as the concerns which animate Rule 402, an
intelligent and voluntary guilty plea by a criminal defendant, are also at issue in this
case, only within the context of effective representation. The Menke court concluded
that the trial court was not required to explain the provisions of good time credit
since there was no assurance that the defendant would receive one day of good time
credit for each day in prison. Similarly, defendant is also not entitled to day-for-day
credit, nor is he entitled to additional credit for participation in a correctional
industry assignment.
 We are also mindful that the Huante court dealt with a situation where trial
counsel simply did not advise an accused of a collateral consequence, while the
instant case involves the communication of erroneous advise. However, the fact
remains that the issue of eligibility for early release a collateral one and thus the
correctness of the information defense counsel provided is irrelevant. We wish to
stress that the question for this court here is not, as defendant has sought to frame
it, whether a plea is voluntary when an attorney fails to discuss the issue of the
applicability of the statute providing for a reduced sentence. Rather, the real issue
is whether trial counsel performed reasonably by ensuring that his client voluntarily
and intelligently entered his guilty plea. Huante, 143 Ill. 2d at 68-69.
 Moreover, defendant's declaration that his guilty plea was involuntarily
entered, based on the erroneous advise of trial counsel, is directly refuted by the
record. Defendant was advised and stated that he understood: the charge to which
he was pleading guilty; the minimum and maximum sentences he could receive; his
right to plead not guilty and have a trial by jury; the State's burden to prove him
guilty beyond a reasonable doubt; and his right to confront and question the
witnesses that would testify against him. Defendant stated that he understood that
by pleading guilty he was giving up all of the preceding rights explained to him by
the trial court. Defendant further indicated that he understood that no witnesses
would be called and that an agreed statement of facts would be heard. Defendant
answered "no" when the trial court inquired whether anyone had promised him
anything to enter the plea, other than the plea agreement of 13 years' imprisonment. 
Defendant also understood that the State agreed to dismiss the other indictments
against him. Had defendant been convicted of the additional charges he would have
faced three consecutive prison sentences. Based upon the foregoing, it is clear to us
that defendant's plea was knowingly and intelligently entered and that trial counsel
performed reasonably under the first prong of Strickland.
 Moreover, we find the alleged failure by trial counsel to explain the statute
providing for a reduced sentence a collateral issue to defendant's guilty plea. 
Therefore, defendant suffered no prejudice under the second prong of Strickland. 
Thus, we find there was no error by the circuit court.
 Still to be considered is defendant's contention that he was denied effective
assistance of counsel by his trial counsel's failure to timely argue, prior to the guilty
plea, that the prosecution of this case was a violation of the Fifth and Fourteenth
Amendments' prohibition of double jeopardy (see U.S. Const., amends. V, XIV) due
to an earlier civil forfeiture proceeding against defendant. We find this issue wholly
without merit. Defendant cites to the fact that in In re P.S., 169 Ill. 2d 260 (1996),
the supreme court of Illinois found that a civil forfeiture action separate from the
criminal proceeding can constitute double jeopardy. However, we wish to point out
that P.S. was decided on January 18, 1996, over a year after defendant entered his
guilty plea on November 17, 1994. In addition, at the time of defendant's conviction,
People v. 1988 Mercury Cougar, 154 Ill. 2d 27 (1992), a case contradicted and
overruled by P.S. was still the leading Illinois decision in this area. Thus, defendant
asks us to find that his trial counsel was ineffective by not divining a later change
in the law. This is absurd.
 In light of the foregoing, the judgment of the circuit court of Cook County is
affirmed.
 Judgment affirmed.
 RAKOWSKI and McNULTY, JJ., concur.