UNITED STATES of America,
Plaintiff–Appellee,

v.

Roman ROBLEDO–GONZALES, also known as Roman Robledo, also known as Raman Robledo, Defendant–Appellant.

No. 02–3599.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 30, 2003.

Decided Nov. 4, 2003.

Rick D. Young, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Andrea E. Gambino, Gambino & Associates, Chicago, IL, for Defendant–Appellant.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

Roman Robledo–Gonzales is a Mexican citizen who was granted permanent legal residency in 1989. In 1993 he pleaded guilty to one count of possession of a controlled substance with intent to deliver, Ill.Rev.Stat. 56.5/1401(A)(2)(B) (1989), and one count of simple possession, *id.* at 56.5/1402(C), and was sentenced to concurrent terms of four years and six years, respectively. Each conviction arose from separate incidents that took place within a year of each other, although the two cases were consolidated for disposition.

While Robledo was jailed, the former Immigration and Naturalization Service ("INS") initiated deportation proceedings on the basis that he had been convicted of an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(iii) (formerly § 1251(a)(2)(A)(iii)), and a controlled substance offense, *see id.* § 1227(a)(2)(B)(I) (formerly § 1251(a)(2)(B)(I)). At his June 1994 hearing before an Immigration Judge ("IJ"), Robledo initially denied the allegations concerning his state convictions, both of which the IJ believed were for possession with intent to deliver. Ultimately, though, he admitted the charges, and the INS submitted his conviction records without objection.

The IJ found Robledo deportable in a decision issued in April 1995. Although deeming him eligible for discretionary relief from deportation under former § 212 of the Immigration and Nationality Act (8 U.S.C. § 1182(c) (1994) (repealed effective Sept. 30, 1996)), the IJ declined to grant relief. The IJ notified Robledo of his right to appeal to the Bureau of Immigration Appeals ("BIA"), which he exercised.

While Robledo's appeal was pending, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214–1319 (1996). Section 440(d) of AEDPA substantially curtailed the availability of discretionary relief from deportation, and the Attorney General interpreted § 440(d) as retroactively imposing a bar to discretionary relief for aliens like Robledo whose § 212 petitions were pending at the time the law was passed. *See* Op. Att'y Gen., 1997 WL 33347804 (Feb. 21, 1997) (modifying *In re Soriano*, 21 I. & N. Dec. 516, 1996 WL 426888 (BIA June 27, 1996)). Right on the heels of AEDPA, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104–208, 110 Stat. 3009–625 (1996), which repealed § 212 relief altogether and precluded judicial review of

deportation orders for anyone convicted of an aggravated felony. *See* IIRIRA § 304(b), 306(b). Consequently, in March 1997, the BIA denied Robledo's appeal on the ground that he was no longer eligible for § 212 relief pursuant to AEDPA § 440(d) and *Soriano*. Robledo did not petition for judicial review and instead self-deported to Mexico shortly thereafter.

Robledo was not gone for long. In June 1997, INS agents encountered him in Texas trying to board a flight to Chicago, but he fled before being apprehended. Undeterred, he made his way back to Chicago and from 1998 on owned a residence and an interest in a family-owned restaurant there. Despite several encounters with city and state police during this period, Robledo was not arrested on immigration charges until January 2001, when he was indicted for being present in the United States without permission following deportation. *See* 8 U.S.C. § 1326(a).

Robledo twice moved to dismiss the indictment, arguing that his 1997 deportation could not serve as a basis for the conviction under § 1326 because, in his view, the drug convictions underpinning the deportation order were invalid and the deportation proceedings had been fundamentally unfair. After the district court denied both motions, Robledo pleaded guilty and was sentenced to 57 months' imprisonment and three years' supervised release. On appeal, Robledo challenges the denial of his motions as well as his request for a downward departure at sentencing.

■ Robledo first argues that his state convictions could not support his 1997 deportation because the failure of the state judge and defense counsel to inform him about the immigration consequences of pleading to the drug charges rendered his guilty plea involuntary and his lawyer's assistance ineffective under the Sixth Amendment. However, the validity of his state convictions is beyond the permissible scope of collateral attack in the context of § 1326. Section 1326(d) provides for collateral attack only on the deportation order itself and then solely on the basis that the *deportation proceedings* were unfair. *See* 8 U.S.C. § 1326(d). Robledo could not have re-litigated his state convictions in the immigration proceedings, *see Palmer v. INS*, 4 F.3d 482, 489 (7th Cir.1993) (collecting cases); his only avenues of relief were to challenge them on direct appeal in state court or through state and federal petitions for a writ of habeas corpus. Since he did not successfully avail himself of these remedies, his convictions remain valid.

Moreover, neither federal nor Illinois law regards the failure to advise as to immigration consequences grounds for rendering a guilty plea invalid or finding counsel ineffective. Contrary to Robledo's representations to the district court, immigration consequences are "collateral" information that the defendant need not know about for his guilty plea to be knowing and voluntary. *United States v. George*, 869 F.2d 333, 337–38 (7th Cir.1989) (collecting cases); *People v. Huante*, 143 Ill.2d 61, 156 Ill.Dec. 756, 571 N.E.2d 736, 741 (1991). Consequently, Robledo's argument fails regardless of forum.

■ Robledo also misses the mark when he argues that the collateral attack permitted by *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (discussed in *United States v. Zarate–Martinez*, 133 F.3d 1194 (9th Cir.1998)), on prior convictions obtained in violation of the right to counsel should be interpreted to include violations of the right to the *effective assistance* of counsel. He fails to note that under 8 U.S.C. § 1326, prior convictions are a sentencing factor, not an element of the crime. *United States v.*

*Martinez–Garcia,* 268 F.3d 460, 464 (7th Cir.2001); *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Because Robledo is not challenging his prior convictions as part of the sentencing enhancement included in § 1326(b)(2), and because *Custis* relates only to collateral attacks on prior convictions used to enhance a sentence, *see* 511 U.S. at 496, we need not entertain this argument further.

Robledo next argues that his deportation proceedings were fundamentally unfair. Following the Supreme Court's decision to allow collateral attacks on deportation orders used in § 1326 criminal proceedings, *see United States v. Mendoza–Lopez,* 481 U.S. 828, 838–39, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987), we and our sister circuits have applied nearly uniform standards to such claims, *see United States v. Espinoza–Farlo,* 34 F.3d 469, 471 (7th Cir.1994) (collecting cases). To collaterally attack a deportation order, a defendant must first have exhausted any available administrative remedies, then show (1) that some defect in his deportation hearing effectively foreclosed his right to direct judicial review of his deportation order, and (2) that his deportation hearing was fundamentally unfair. 8 U.S.C. § 1326(d); *United States v. Roque–Espinoza,* 338 F.3d 724, 728 (7th Cir.2003). Robledo asserts that the IJ's failure to inform him of his right to petition for judicial review of an adverse decision by the BIA effectively foreclosed his right to judicial review. However, we need not decide whether this alleged oversight constitutes foreclosure of that right because his deportation proceedings were not "fundamentally unfair." *See id.*

■ In order to prove that the proceedings were fundamentally unfair, Robledo must show that he was prejudiced; that is,

he must show that had the IJ informed him of his right to petition for judicial review, "an informed exercise of those rights would have yielded him relief from deportation." *Espinoza–Farlo,* 34 F.3d at 471. He argues that the proceedings were unfair because (1) the IJ erroneously believed that both of his convictions were for possession with intent to distribute; (2) his lawyer failed to object to this finding; and (3) the BIA erred in denying review of the IJ's decision in light of *INS v. St. Cyr,* 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), which later held that AEDPA and IIRIRA did not apply retroactively to preclude § 212 discretionary relief. Thus, he must show that judicial review would have yielded him relief from deportation on these bases. *See Espinoza–Farlo,* 34 F.3d at 471.

What Robledo fails to recognize is that he would have been subject to extremely limited review in this court because of the then-recent enactment of IIRIRA. The transitional rules to IIRIRA denied judicial review of discretionary decisions under § 212, as well as final orders for those aliens deemed deportable by reason of committing an offense involving controlled substances. *See* IIRIRA § 309(c)(4)(E) and (G); 8 U.S.C. § 1105 (statutory notes (c)(4)(E) and (G)).

We held at that time—and still hold—that we retained jurisdiction after AEDPA and IIRIRA to consider substantial constitutional claims in order to correct "bizarre miscarriages of justice." *LaGuerre v. Reno,* 164 F.3d 1035, 1040 (7th Cir.1998). Later we explained that we also had jurisdiction to decide whether we had jurisdiction; that is, to determine whether an alien's criminal conviction is indeed a qualifying conviction for purposes of deportation. *See Lara–Ruiz v. INS,* 241 F.3d 934, 939 (7th Cir.2001). There is no dispute that at least one of Robledo's convictions is

for an aggravated felony; the only possible question then is whether Robledo, had he filed a petition for review, could have raised a substantial constitutional claim. *See id.* Because he claims errors of fact and discretion that do not raise a constitutional issue, our review could end here.

However, even assuming plenary review of the IJ's decision, Robledo's contentions that he was prejudiced by the IJ's reliance on an erroneous conviction record and that his immigration attorney failed him lack merit. One conviction for an aggravated felony would have been sufficient to render him deportable, *see* 8 U.S.C. § 1251(a)(2)(A)(iii), and his conviction for simple possession of cocaine was a deportable offense as well, *see* 8 U.S.C. § 1227(a)(2)(B)(I). The IJ was aware that one offense (possession) involved 27 grams of cocaine, that the other offense (trafficking) involved between 100 and 400 grams of cocaine, and that the offenses took place within one year of one another. Given the nature and proximity of the offenses, we consider it highly unlikely that the IJ would have exercised his discretion differently had he known that only one offense was for trafficking.

As for any alleged deprivation of judicial review of the BIA's decision, Robledo again cannot demonstrate that an exercise of this right would have yielded relief. *See Espinoza–Farlo*, 34 F.3d at 471. Under the transitional rules to IIRIRA, this court would have had to dismiss his petition for review: "there shall be no appeal of any discretionary decision under section 212(c) ... of the Immigration and Nationality Act." IIRIRA § 309(c)(4)(E). Stretching further and assuming that we would have exercised pre-IIRIRA jurisdiction of the denial of relief, we note that the IJ's decision is an equitable one and would not have been disturbed unless irrational or unreasoned. *Reyes–Hernandez v. INS*, 89

F.3d 490, 493 (7th Cir.1996); *Dashto v. INS*, 59 F.3d 697, 703 (7th Cir.1995). In this case, the IJ balanced Robledo's convictions against his family ties, his length of time in the United States, his fluency in English, his education, and the evidence of hardship to himself and his family should he be deported, concluding nevertheless that Robledo did not qualify for a discretionary waiver of deportability. It can hardly be said that the decision was "irrational" or "unreasoned," so Robledo would not have succeeded had he had judicial review of this claim, either. *See Reyes–Hernandez*, 89 F.3d at 493.

Consequently, because Robledo cannot demonstrate that an exercise of his right to petition for review would have yielded relief, he cannot show that he was prejudiced by any alleged deprivation of such review. *See Espinoza–Farlo*, 34 F.3d at 471. Since Robledo has not demonstrated the prejudice necessary to collaterally attack his deportation proceedings, his deportation order can properly serve as the basis for his conviction under § 1326. *See Roque–Espinoza*, 338 F.3d at 728.

■ Finally, despite the fact that Robledo waived the right to appeal his sentence in his plea agreement, he argues that the district court erred in denying his motion for a downward departure without addressing explicitly each of his asserted grounds. This argument merits little discussion: we lack jurisdiction to review a refusal to depart, so long as the district court recognized its authority to depart. *See United States v. Atkinson*, 259 F.3d 648, 652–53 (7th Cir.2001). Robledo asks us to assume that the district court's failure to address in turn each of his grounds for a departure presents the possibility that it believed that it did not have the discretion to depart. We presume that the district court is aware of its authority to depart, and Robledo bears the burden of

dissuading us. *United States v. Hegge,* 196 F.3d 772, 774 (7th Cir.1999). Because he does not point to anything in the record to overcome our presumption, we dismiss this portion of his appeal for lack of jurisdiction. *See id.*

The judgment of the district court is AFFIRMED.