# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 12, 2011

## RENE S. GUEVARA v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 94-05661     John Fowlkes, Judge**

---

**No. W2011-00207-CCA-R3-PC  - Filed March 13, 2012**

---

Petitioner, Rene S. Guevara, pled guilty in March 1995 to the felony offense of possession of marijuana with intent to sell. A little more than fifteen years later, he filed a petition for post-conviction relief attacking the 1995 conviction. Petitioner asserted he was entitled to relief because his trial counsel rendered ineffective assistance of counsel by failing to advise him regarding "immigration consequences of a guilty plea." Petitioner claimed that this right was a new constitutional rule of law announced in *Padilla v. Kentucky*, _____ U.S. _____, 130 S. Ct. 1473 (2010), and that this new constitutional rule of law should be retroactively applied to Petitioner's case. The post-conviction court entered an order dismissing the petition because it was filed beyond the one-year statute of limitations contained in Tennessee Code Annotated section 40-30-102(a), and because the rule of law was not required to be applied retroactively. After a thorough review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, PJ., and NORMA MCGEE OGLE, J., joined.

Neil Amstead, Memphis, Tennessee, for the appellant, Rene S. Guevera.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Garland Erguden, Assistant District Attorney General, for the appellee, the State of Tennessee.

# OPINION

Obviously the petition for post-conviction relief in this case was filed more than one year after Petitioner's judgment based upon a guilty plea to felonious possession of marijuana became a final judgment. Tennessee Code Annotated section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year of when the judgment of conviction becomes final. An untimely petition is subject to summary dismissal. Tenn. Code Ann. § 40-30-106(b). "[N]o court shall have jurisdiction" to consider a time barred petition unless (1) it falls within one of the enumerated statutory exceptions of Tennessee Code Annotated section 40-30-102(b), or (2) tolling is mandated by constitutional due process concerns. Tenn. Code Ann. § 40-30-102(b); *see also William v. State*, 44 S.W.3d 464 (Tenn. 2001). The portion of Tennessee Code Annotated section 40-30-102(b) relied upon by Petitioner states that the one-year statute of limitations is tolled if,

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of the trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of the trial;

Tenn. Code Ann. § 40-30-102(b)(1).

Petitioner argues that he is entitled to post-conviction relief because his trial counsel failed to advise him of the possible adverse consequences to his immigration status that could result from his plea of guilty to felonious possession of marijuana. He relies upon the opinion in *Padilla v. Kentucky*, _____ U.S. _____, 130 S. Ct. 1473 (2010), which held for the first time that a trial counsel's failure to advise a client about potential adverse immigration consequences of a guilty plea constitutes deficient performance by trial counsel. *Padilla*, 130 S.Ct. at 1483. Petitioner asserts that the new constitutional rule in *Padilla* must be applied retroactively to his guilty plea in 1995. Therefore, Petitioner argues, Tennessee Code Annotated section 40-30-102(b)(1) tolls the one-year statute of limitations contained in Tennessee Code Annotated section 40-30-102(a), because he filed his post-conviction petition on September 15, 2010, within one year of March 31, 2010, the date *Padilla* was filed. The State asserts that the holding in *Padilla* does not warrant retroactive application.

In determining whether *Padilla* announced a new rule of law, we note that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States

or Federal Government." *Teague v. Lane*, 489 U.S. 288, 301, 109 S. Ct. 1060 (1989). Thus, if a "result was not dictated by precedent existing at the time the defendant's conviction became final," then a new rule of law has been established. *Id*. While "[t]he explicit overruling of an earlier holding no doubt creates a new rule; it is more difficult, however, to determine whether [a new rule has been established] when a decision extends the reasoning of [ ] prior cases." *Saffle v. Parks*, 494 U.S. 484, 488, 110 S. Ct. 1257 (1990). Thus, in determining whether *Padilla* has established a new rule, we must determine whether a court considering the Petitioner's claim prior to the holding in *Padilla* would have felt compelled to conclude that trial counsel was deficient for failing to advise the Petitioner regarding the deportation consequences of his guilty plea. *Id*.; *see also Beard v. Banks*, 542 U.S. 406, 411, 124 S. Ct. 2504 (2004) (stating that in determining whether a new rule of law has been established, the court must "ask whether the Constitution, as interpreted by the precedent then existing, compels the rule").

In 2004, this Court held that deportation was a collateral consequence of a guilty plea and that trial counsel was not deficient for failing to inform the petitioner of such a collateral consequence. *Bautista v. State*, 160 S.W.3d 917, 921-22 (Tenn. Crim. App., 2004). In so concluding, this Court considered similar cases in which courts held that failing to advise a petitioner of the deportation consequences of a guilty plea was not deficient. *Id*. at 921 (citing *People v. Huante*, 143 Ill. 2d 61, 156 Ill. Dec. 756, 571 N.E.2d 736 (Ill. 1991)). This Court also considered cases in which courts held that erroneously advising a petitioner of the deportation consequences of a guilty plea was deficient. *Id*. (citing *People v. Correa*, 108 Ill. 2d 541, 92 Ill. Dec. 496, 485 N.E.2d 307 (Ill. 1985)). However, prior to *Padilla*, the United States Supreme Court had not considered this issue.

In *Padilla*, the Supreme Court concluded that deportation resulting from a petitioner's guilty plea was neither a direct nor a collateral consequence of pleading guilty. *Padilla*, 130 S. Ct. at 1482. Instead, the Court held that the "collateral versus the direct distinction [was] ill-suited to evaluating a [*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)] claim concerning the specific risk of deportation." *Id*. The Court ultimately held that "counsel must inform [their] client whether [a] plea carries a risk of deportation" and that failure to advise their client of such a consequence was deficient. *Id*. at 1486. The ruling was not limited to requiring counsel to refrain from offering affirmative misadvice on the issue but established that when the deportation consequence is not "succinct and straightforward," counsel must still advise the client that "pending criminal charges may carry a risk of adverse immigration consequences." *Id*. at 1483.

We conclude that *Padilla* established a new rule of law. In so concluding, we are guided by the Supreme Court's decisions in *O'Dell v. Netherland*, 521 U.S. 151, 117 S. Ct. 1969 (1997), and *Sawyer v. Smith*, 497 U.S. 227, 110 S. Ct. 2822 (1990). In *O'Dell*, the

Supreme Court concluded that while *Simmons v. South Carolina*, 512 U.S. 154, 164, 114 S. Ct. 2187 (1994) had established a new rule of law, the rule should not be retroactively applied. *O'Dell*, 521 U.S. at 167-68. In *Simmons*, the Court concluded that the trial court's refusal to instruct the jury that the defendant would not be eligible for parole if he were given a life sentence violated the Fourteenth Amendment. 512 U.S. at 164. The Supreme Court stated, "The trial court's refusal to apprise the jury of information so crucial to its sentencing determination, particularly when the prosecution alluded to the defendant's future dangerousness in its argument to the jury, cannot be reconciled with our well-established precedents interpreting the Due Process Clause." *Id.* In determining whether *Simmons* had established a new rule of law, the Supreme Court assessed the "legal landscape existing at the time [the] petitioner's conviction and sentence became final" and ultimately stated "that a reasonable jurist in 1988 would not have felt compelled to adopt the rule later set out in *Simmons*." *O'Dell*, 521 U.S. at 160-64. The Supreme Court stated, "The array of views expressed in *Simmons* itself suggests that the rule announced there was, in light of this Court's precedent, 'susceptible to debate among reasonable minds.'" *Id.* at 159-60 (quoting *Butler v. McKellar*, 494 U.S. 407, 415, 110 S. Ct. 1212 (1990)).

While we conclude that the requirement established in *Padilla* was a new rule of law, retroactive application of the rule announced in *Padilla* is not warranted. Such a rule would only apply retroactively to cases on collateral review when either (1) the rule placed conduct beyond the power of the criminal law-making authority or (2) the rule established a watershed rule of criminal procedure that implicated the fundamental fairness of the trial. *Teague*, 489 U.S. at 311. Requiring counsel to advise a petitioner about the deportation consequences of pleading guilty does not implicate either exception.

First, the rule does not exempt those subject to deportation from the criminal lawmaking authority. Second, the rule was not a watershed rule of criminal procedure essential to the fairness of a proceeding. *Cf. Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792 (1963) (establishing the right to counsel in felony criminal proceedings). At issue in *Padilla* was whether the petitioner had received the effective assistance of counsel in determining whether he should plead guilty. The Supreme Court held that counsel must inform their clients of the deportation consequences of pleading guilty. While this established a new requirement for counsel to comply with, it did not establish a right for defendants like the right established in *Gideon*, the right to counsel. Moreover, the rule did not relate to the overall fairness of the proceeding itself. Although the Court's decision in *Padilla* established a new rule of law, the rule of law should not be retroactively applied.

Accordingly, we conclude that Petitioner is not entitled to relief in this appeal.

**CONCLUSION**

The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE