**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOHN DOUGLAS JACKSON, a/k/a Buddy
Dean,

            *Defendant-Appellant.*

No. 00-4880

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-97-246-L)

Submitted: January 22, 2002

Decided: February 8, 2002

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Kenneth W. Ravenell, SCHULMANN, TREEM, KAMINKOW, GIL-
DEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, Christine Manuelian,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

John Douglas Jackson appeals his jury conviction for conspiracy to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Finding no error, we affirm.

Jackson contends there was insufficient evidence to convict him. This Court reviews a jury's verdict for sufficiency of the evidence by determining whether there is substantial evidence, when viewed in the light most favorable to the government, to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). The evidence demonstrates Jackson obtained large amounts of cocaine from his sources in New York for distribution to other dealers and customers on the Eastern Shore of Maryland. Jackson introduced his co-conspirators to his sources in New York in order to further the conspiracy to distribute cocaine on the Eastern Shore of Maryland. Jackson had several people accompany him on his trips to New York and would utilize them to transport the cocaine back to Maryland. Several police officers testified as to the amount of cocaine bought and distributed by Jackson and his co-conspirators. We find there was sufficient evidence to support the jury's verdict.

Jackson next contends the Government created a fatal variance between the indictment and proof by introducing evidence of multiple conspiracies when the indictment alleged a single conspiracy. We find no such variance. *See United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994).

Jackson next contends testimony from cooperating co-conspirators about their trips to New York without Jackson to obtain cocaine from Jackson's sources to distribute to individuals on the Eastern Shore of Maryland did not qualify as co-conspirator statements under Fed. R.

Evid. 801(d)(2)(E). When the government shows by a preponderance of the evidence that a conspiracy existed of which the defendant was a member, and that the co-conspirators' statements were made in furtherance of the conspiracy, the statements are admissible. *United States v. Neal*, 78 F.3d 901, 904-05 (4th Cir. 1996); *United States v. Blevins*, 960 F.2d 1252, 1255 (4th Cir. 1992). The Government established that a conspiracy to distribute cocaine to individuals in the Eastern Shore of Maryland existed and that the co-conspirators' statements were made in furtherance of the conspiracy. Therefore, we find the district court did not err in admitting the statements of Jackson's co-conspirators.

Finally, though we grant Jackson's motion to file a pro se supplemental brief and have considered the claims raised therein, we find his claims meritless. Accordingly, we affirm Jackson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*